UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAY E. GLENEWINKEL, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:20-CV-2256-B |
| | § | |
| MD CARVAJAL, *Director of the* | § | |
| *Bureau of Prisons, et al.*, | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs' Motion for Permission to Add Trevor Huck and Ray Millaway as Plaintiffs (Doc. 32). The Court construes the filing as a motion for leave to amend the complaint to add Trevor Huck and Ray Millaway as plaintiffs, **GRANTS** the motion, and directs the Clerk of Court to add both Trevor Huck, inmate identification number 34422-057, and Ray Millaway, inmate identification number 19885-078, as plaintiffs in this action. Moreover, by this Order, the Court permits Plaintiffs to proceed in this litigation as a group for the time being.

## I.

## BACKGROUND

On August 17, 2020, Plaintiffs Jay E. Glenewinkel, Brian M. Mattes, Timothy J. Benz, Joshua N. Higgins, Ronald C. Dean, Jason Trott, Ryan E. Offineer, and William Cashel, inmates at Federal Correctional Institution (FCI) Seagoville located in Seagoville, Texas, filed a *pro se* civil-rights complaint against the director of the Bureau of Prisons (BOP), the warden at FCI Seagoville, two associate wardens at FCI Seagoville, and the "acting Captain" at FCI Seagoville. *See* Doc. 3, Compl.,

2. Plaintiffs allege Defendants' failure to "adequately prepare and implement safeguards and screening protocols . . . to protect the inmate population from the potentioal [sic] harms caused by" the COVID-19 pandemic amounts to "deliberate indifference" to inmate safety and constitutes unconstitutional conditions of confinement. *See id.* at 1. In short, Plaintiffs state that FCI Seagoville staff members frequently refuse to wear personal protective equipment (PPE) such as face masks and sometimes report to work feeling ill, yet they "continuously inform[] the inmate population, 'the Covid-19 virus is not here at Seagoville.'" *Id.* at 4–5. Plaintiffs also allege that, meanwhile, they were denied COVID-19 tests despite experiencing symptoms associated with the virus. *Id.* at 5.[1]

Plaintiffs have filed a joint Motion for Leave to Proceed *In Forma Pauperis* (Doc. 4), which the Court referred to the United States Magistrate Judge Rebecca Rutherford for recommendation or determination. *See* Doc. 20, Order, 1. By order dated September 2, 2020, the Magistrate Judge directed *each* plaintiff to pay the required filing fee or file his own application to proceed *in forma pauperis*, as it is well-settled that prisoner-plaintiffs who file jointly must each pay the full filing fee. Doc. 30, Order, 2–3 & n.2. In her order, however, the Magistrate Judge pointed out a split among the circuit courts as to whether it is permissible for prisoner-plaintiffs to proceed jointly in one action in the first place. *Id.* at 2 n.2. As this split of authority is clearly implicated by the pending motion for leave to amend the complaint to add two additional plaintiffs to the action, the Court addresses it herein.

---

[1] In addition to their complaint, Plaintiffs filed a motion for temporary restraining order (TRO) and preliminary injunction, which seeks, among other things, an order requiring more widespread and systematic testing of inmates and staff for COVID-19 and evaluation of certain inmates for release or transfer from FCI Seagoville. Doc. 15, Mot. for TRO & Prelim. Inj., 5, 10–11.

## II.

## LEGAL STANDARDS

A.    *Rule 15*

Under Rule 15(a), courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). But this "generous standard is tempered by the necessary power of a district court to manage a case." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003). Although Rule 15 favors granting leave to amend, leave is by no means automatic. *Southmark Corp. v. Schulte Roth & Zabel (In re Southmark Corp.)*, 88 F.3d 311, 314 (5th Cir. 1996) (citing *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993)). A district court must have a "substantial reason" to deny leave, yet the decision remains within the court's discretion. *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (quoting *Lyn-Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002)). In its discretion, a court should consider several factors, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [and] futility of the amendment." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Absent these factors, a court should grant leave. *Id.* (citing *Foman*, 371 U.S. at 182).

B.    *Rule 20*

Plaintiffs may join in a single action if: "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). "Generally, as long as both prongs of the test are met, permissive

-3-

joinder of plaintiffs is at the option of the plaintiffs." *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010) (cleaned up and quotations omitted). District courts have the discretion, however, "to refuse joinder in the interest of avoiding prejudice and delay, ensuring judicial economy, or safeguarding principles of fundamental fairness." *Id.* (citations omitted).

## III.

## ANALYSIS

A.    *The Court Permits Plaintiffs to Proceed as a Group.*

    1.    <u>The Court agrees with the Seventh and Third circuits that the PLRA does not preclude permissive joinder under Rule 20.</u>

There is a split among the circuits that have squarely addressed the issue as to whether prisoner-plaintiffs may assert claims jointly. Under the Prison Litigation Reform Act (PLRA), "if a prisoner brings a civil action[,] . . . the prisoner shall be required to pay the full amount of a filing fee" in monthly deposits. 28 U.S.C. § 1915(b)(1). Because one of the premier purposes of this provision "was to curtail abusive prisoner tort, civil rights and conditions of confinement litigation," it necessarily requires that *each* prisoner who files suit pay the filing fee. *See Hubbard v. Haley*, 262 F.3d 1194, 1196–98 (11th Cir. 2001); *see also, e.g.*, *Sneed v. Cotton*, 2009 WL 222760, at *1 (N.D. Tex. Jan. 29, 2009) (requiring each prisoner who joined complaint to pay full filing fee). The Eleventh Circuit has held that "[b]ecause the plain language of the PLRA requires that each prisoner proceeding [*in forma pauperis*] pay the full filing fee, . . . [a] district court properly dismisse[s] . . . multi-plaintiff [prisoner] action[s]." *Hubbard*, 262 F.3d at 1198. The *Hubbard* Court found that "to the extent that the Rules Enabling Act, as expressed in Rule 20, actually conflicts with the PLRA, . . . the statute repeals the Rule," although it did not engage in a robust conflicts analysis. *Id.* (citing

*Mitchell v. Farcass*, 112 F.3d 1483, 1489 (11th Cir. 1997)).

On the other hand, the Seventh Circuit has vacated a district court's order precluding prisoner-plaintiffs from litigating jointly *in forma pauperis*. *See Boriboune v. Berge*, 391 F.3d 852, 853–54, 856 (7th Cir. 2004). While the Seventh Circuit recognized that "litigation with disparate parties and claims under Rule 20 may be cumbrous," it held that "[i]t does not follow . . . that § 1915 has superseded Rule 20." *Id.* at 854. As noted in *Boriboune*, "[t]he PLRA does not mention Rule 20 or joint litigation." *Id.* Nor are the two logically incompatible, as "joint litigation does not relieve prisoners of any duties under" the PLRA. *Id.* So, according to the Seventh Circuit, "[b]ecause the PLRA does not repeal or modify Rule 20, district courts must accept complaints filed by multiple prisoners if the criteria of permissive joinder are satisfied." *Id.* at 855. The Third Circuit agrees with the Seventh. *See Hagan v. Rogers*, 570 F.3d 146, 152 (3d Cir. 2009) ("We conclude that nothing in the PLRA demonstrates that Congress intended to alter the plain language of Rule 20, and that conditions of incarceration should not be considered in disregarding the unambiguous language of the Rule. Accordingly, prisoner litigants may not be categorically precluded from joining as plaintiffs under Rule 20."). And, though the Sixth Circuit has never squarely addressed the issue, its jurisprudence seems to assume without deciding that prisoner-plaintiffs may litigate jointly. *See Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 493–94 (6th Cir. 2012) ("*When multiple prisoners are joined under Rule 20, strikes may still be incurred for an individual prisoner's portion of the case[.]*" (emphasis added)); *Talley-Bey v. Knebl*, 168 F.3d 884, 887 (6th Cir. 1999) (concluding that district court properly permitted two prisoner-plaintiffs proceeding jointly to share the cost of the filing fee); *In re Prison Litig. Reform Act*, 105 F.3d 1131, 1137–38 (6th Cir. 1997) (same).

Neither the Supreme Court nor the Fifth Circuit has addressed whether prisoner-plaintiffs may

proceed jointly in a single action. But, as discussed, a majority of the circuits that have addressed the issue permit joinder. Moreover, the Court agrees with the reasoning applied by that majority in concluding that the PLRA does not preclude prisoner-plaintiffs from litigating as a group. As the *Boriboune* Court pointed out, "[t]he PLRA does not mention Rule 20 or joint litigation." *Boriboune*, 391 F.3d at 854. And "absent a clearly expressed congressional intention, repeals by implication are not favored." *Branch v. Smith*, 538 U.S. 254, 275 (2003) (cleaned up and citations omitted). A statute will only impliedly repeal another where provisions in the two statutes are "in irreconcilable conflict, or where the latter [a]ct covers the whole subject of the earlier one and is clearly intended as a substitute." *Id.* (cleaned up and quoting *Posadas v. Nat'l City Bank*, 296 U.S. 497, 503 (1936)). As stated above, the PLRA does not mention Rule 20, let alone cover the whole subject of joinder. Thus, the PLRA may only impliedly repeal Rule 20 if the two are in irreconcilable conflict. They are not.

There are only three provisions of the PLRA that can reasonably be construed as conflicting with Rule 20—§ 1915(b)(1)'s requirement that each prisoner-plaintiff pay the full filing fee; § 1915(b)(3)'s prohibition on a filing fee exceeding the amount permitted by statute; and § 1915(g)'s "three-strike" provision. But each of these provisions can be read in harmony with Rule 20.

The PLRA's requirement that each prisoner-plaintiff pay the full amount of a filing fee does not, as the *Hubbard* Court suggests, necessarily bar prisoner-plaintiffs from permissive joinder. To the contrary, joint prisoner-plaintiffs may comply with the PLRA by each paying the individual filing fee; they may simultaneously comply with Rule 20's two-part test for permissive joinder if they assert a right to relief jointly and common questions of law or fact exist. *See Hagan*, 570 F.3d at 155. Section 1915(b)(3)'s provision that the filing fee paid shall "[i]n no event . . . exceed the amount of fees permitted by statute for the commencement of a civil action" does not alter this principle. Indeed, the

Court agrees with the Third Circuit that, read in conjunction with the neighboring provisions establishing that a filing fee may be paid in installments, "§ 1915(b)(3) merely ensures that an IFP prisoner's fees, when paid by installment, will not exceed the standard individual filing fee paid in full." *Id.* Finally, the "three strikes" provision of § 1915(g)—which prevents a prisoner-plaintiff from bringing a civil action if he has, on three or more prior occasions while incarcerated, brought an action that was dismissed as frivolous—is not necessarily in conflict with Rule 20. While a court could hold that plaintiffs are accountable for "strikes" accumulated by their co-plaintiffs, such a result is not in irreconcilable conflict with Rule 20. The Court holds that the PLRA does not prohibit prisoner-plaintiffs from joining under Rule 20.

      2.      <u>Other factors warranting severance have not presented in this matter.</u>

      The Court recognizes that there may arise certain "impracticalities and inherent difficulties of allowing [prisoner-plaintiffs] to proceed jointly" that could "necessitate a severance of each [p]laintiff's claims." *Beaird v. Lappin*, 2006 WL 2051034, at *4 (N.D. Tex. July 24, 2006). These difficulties include:

> inmate transfers, security, the need for each individual [p]laintiff to represent himself with regard to his claims, the need for each plaintiff to sign the pleadings, and the consequent possibilities that documents may be changed as they are circulated, the possibilities of coercion by prisoners, or that prisoners may seek to compel prison authorities to permit them to gather to discuss joint litigation.

*Id.* But none of these potential hazards have arisen in this matter. First, the BOP has generally suspended internal inmate movement due to the COVID-19 pandemic, except in limited circumstances. BOP Implementing Modified Operations, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/covid19_status.jsp (last visited Sept. 9, 2020). Further, though most

individual plaintiffs have filed individual statements to support the complaint and the pending motion for TRO, both the complaint itself and the motion for TRO were signed by all Plaintiffs. *See* Doc. 3, Compl., 9; Doc. 15, Mot. for TRO & Prelim. Inj., 13. And no pleading or filing appears to be altered from its original draft. Additionally, the Court is not aware of coercion among Plaintiffs with respect to content of the filings or prosecution of this matter; rather, to date, Plaintiffs have appeared united in their efforts and cooperative with one another. Regarding the need for each individual plaintiff to represent himself in this matter, nothing before the Court at this juncture indicates that any one plaintiff purports to represent another or the group as a whole. As noted, the complaint and the pending motion for TRO were signed by all Plaintiffs. To the extent any motion in the current record does not bear the signature of all Plaintiffs, such deficiency is excused. But Plaintiffs are advised that so long as they are permitted to proceed jointly in this action, all future motions or other requests of the Court must be signed by all Plaintiffs.[2]

The Court finds that severance is not warranted at this juncture. However, the Court recognizes that factors may arise warranting severance and may sever Plaintiffs' claims into separate actions in the future.

B.    *Plaintiffs Have Satisfied Rules 15 and 20.*

Leave should be freely given, *Rosenzweig*, 332 F.3d at 864, and no factors that might weigh against leave are present here. Plaintiffs' motion for leave was not filed with undue delay. Plaintiffs

---

[2] Plaintiffs purport to proceed on behalf of themselves and others similarly situated. However, *pro se* plaintiffs may not proceed on behalf others not named as parties in a given suit. *See, e.g., Ali v. Immigr. & Customs Enf't*, 2017 WL 881102, at *2 (N.D. Tex. Feb. 2, 2017), *adopted by* 2017 WL 880866 (N.D. Tex. Mar. 3, 2017). In other words, even though the Court permits Plaintiffs to litigate this case jointly, this action may not be a class action unless or until Plaintiffs retain counsel.

filed their complaint on August 17, 2020, *see* Doc. 3, Compl., 1, and they filed their motion for leave to amend on September 3, 2020, *see* Doc. 32, Mot. for Leave to Amend, 1. Such a short passage of time does not exhibit undue delay. Moreover, there is nothing before the Court that indicates the motion is made in bad faith or with dilatory motive. Plaintiffs have not been notified of any deficiencies in their complaint, and they have not previously moved for leave. Finally, Defendants will not be prejudiced by the amendment, as Defendants have not yet been served with this action, and there is no indication that defending this action once they are served will be made more difficult by the addition of the two proposed plaintiffs.

Moreover, as Plaintiffs have met both prongs of the test for permissive joinder, Plaintiffs, including Ray Millaway and Trevor Huck, may litigate this action jointly. First, Plaintiffs assert a right to relief jointly. It is clear from the complaint that Plaintiffs seek relief based on conditions at FCI Seagoville that affect *all* of them. *See generally* Doc. 3, Compl. And, though each plaintiff may have suffered different degrees of harm due to FCI Seagoville's alleged misconduct, the gravamen of the claims and the relief sought derive from the alleged general mishandling of the COVID-19 pandemic, rather than from wrongdoing directed at individual plaintiffs. *See, e.g., id.* at 4 (stating that FCI Seogoville's staff maintained "a semi-normal routine under the assumption that Seagoville was under an 'immunity bubble' despite the virus's "running rampant throughout various BOP facilities" and that such conduct threatened "the Seagoville population"). Second, questions of law common to all plaintiffs will arise. For example, this case will require the Court to determine whether the conditions Plaintiffs describe at FCI Seagoville amount to deliberate indifference under the Eighth Amendment. *See id.* at 1. Both prongs of the test for permissive joinder are sufficiently met; thus, "permissive joinder of plaintiffs is at the option of the plaintiffs." *Acevedo*, 600 F.3d at 521. Last, the Court finds that by

permitting joinder for the time being will serve judicial economy, avoid prejudice and delay, and safeguard principles of fundamental fairness. *See Acevedo*, 600 F.3d at 521.

## IV.

## CONCLUSION

The Court construes Plaintiffs' Motion for Permission to Add Trevor Huck and Ray Millaway as Plaintiffs (Doc. 32) as a motion for leave to amend the complaint to add Trevor Huck and Ray Millaway as plaintiffs and **GRANTS** the motion. The Clerk of Court is directed to add both Trevor Huck, inmate identification number 34422-057, and Ray Millaway, inmate identification number 19885-078, as plaintiffs in this action. Moreover, while Plaintiffs are permitted to proceed jointly in this action at this time, the September 2, 2020 order of Magistrate Judge Rebecca Rutherford (Doc. 30) is unaffected by this Order. Accordingly, each original plaintiff who wishes to proceed with this lawsuit must either pay the $400 filing fee or submit a separate application to proceed *in forma pauperis* with the required certificate of inmate trust account by the date prescribed by the Magistrate Judge. Plaintiffs Trevor Huck and Ray Millaway must do so within 30 days of the date of this Order.

**SO ORDERED.**

SIGNED: September 14, 2020.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE