## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **JAY E. GLENEWINKEL,** *et al.,* | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 3:20-CV-2256-B** |
| | § | |
| **MD CARVAJAL,** *Director of the* | § | |
| *Bureau of Prisons, et al.,* | § | |
| | § | |
| **Defendants.** | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is a motion to dismiss for lack of subject-matter jurisdiction and failure to state a claim (Doc. 93) filed by Defendants Michael Carvajal, Jeffery D. Allen, M. Bayless, A. Jenkins, K. Zook, and L. Smith (collectively "the BOP Officials" or "the Officials"). For the following reasons, the Court **GRANTS** the BOP Officials' motion under Federal Rule of Civil Procedure 12(b)(1) and **DISMISSES** Plaintiffs' claims **WITHOUT PREJUDICE.**

### I.

### BACKGROUND

*A.    Factual Background*

This is an Eighth Amendment case alleging inadequate safety protocols at Federal Correctional Institution (FCI) Seagoville, a federal prison, during the COVID-19 pandemic. *See generally* Doc. 72, Am. Compl.

Plaintiffs are inmates at FCI Seagoville, and they brought suit in August 2020 against "the director of the BOP, the warden at FCI Seagoville, two associate wardens at FCI Seagoville, and the

'acting Captain' at FCI Seagoville." Doc. 93, Defs.' Mot., 1. They assert violations of their Eighth Amendment right to be free from cruel and unusual punishment. Doc. 72, Am. Compl., 14–15. Generally, Plaintiffs allege that they "are unable to protect themselves from the spread of the [COVID-19] virus" because the BOP "ha[s] not provided adequate protections." *Id.* at 14. They further allege that the Officials have "refus[ed] to separate infected inmates, requir[ed] infected staff to work, and refus[ed] to properly take basic protective precautions[.]" *Id.* In particular, Plaintiffs recount instances throughout the pandemic that staff has not worn proper personal protective equipment (PPE), ignored inmate complaints of COVID-19 symptoms, held unnecessary recreational gatherings of inmates, and refused to test inmates for the virus. *Id.* at 5–7. This conduct, according to Plaintiffs has deprived them of their right to be free from cruel and unusual punishment. *Id.* at 14. As of July 13, 2021, thirteen-hundred inmates at FCI Seagoville have been fully vaccinated against COVID-19.[1] Further, the Officials contend, "each named Plaintiff has either received or been specifically offered and refused the COVID-19 vaccine." Doc. 95, Defs.' Reply, 3.

Plaintiffs seek, on behalf of themselves and those similarly situated, "a declaratory judgment that [the Officials'] policies and practices violate the Eighth Amendment "; an "[o]rder [requiring] [the Officials] to create and implement a mitigation plan for prevention of COVID-19 . . . "; an "[o]rder requiring the [Officials] to provide all necessary and appropriate health care . . . "; an "[a]ward [of] Plaintiffs['] costs, expenses, and reasonable attorneys' fees"; and "[a]ny further relief that this Court deems just, necessary, or appropriate." Doc. 72, Am. Compl., 15–16.

---

[1] The Court derives this information from the Bureau of Prisons (BOP)'s COVID-19 Data, available at https://www.bop.gov/coronavirus/ (last accessed July 13, 2021).

*B.*     *Procedural Background*

Plaintiffs initially filed this suit *pro se. See* Doc. 1, Compl. However, the Court subsequently appointed counsel and ordered Plaintiffs to file an amended complaint through counsel. Doc. 68, Order, 2. Plaintiffs filed their amended complaint on December 9, 2020. *See generally* Doc. 72, Am. Compl. The BOP Officials timely moved to dismiss the complaint due to: (1) a lack of subject-matter jurisdiction; (2) Plaintiffs' "forward-looking relief" for "backward-looking allegations"; and (3) Plaintiffs' "fail[ure] to exhaust administrative remedies as required under the Prison Litigation Reform Act (PLRA), for which there is no COVID-19 exception." Doc. 93, Defs.' Mot., 1. For the reasons explained below, the Officials' motion is **GRANTED** on the ground that this Court lacks jurisdiction.

## II.

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). For that reason, they can adjudicate claims only when subject-matter jurisdiction "is expressly conferred by the Constitution and federal statute. Federal Rule of Civil Procedure 12(b)(1) provides the vehicle through which" a party may challenge federal jurisdiction. *Armstrong v. Tygart*, 886 F. Supp. 2d 572, 584 (W.D. Tex. 2012) (citations omitted).

"A Rule 12(b)(1) motion can mount either a facial or factual challenge." *MacKenzie v. Castro*, 2016 WL 3906084, at *2 (N.D. Tex. July 19, 2016). A facial challenge occurs "when a party files a Rule 12(b)(1) motion without including evidence." *Id.* A factual challenge, by contrast, occurs when a party supports its Rule 12(b)(1) motion with evidence. *Id.*

In both cases, the burden of proof "is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam). Yet that is no high bar: "[I]t is extremely difficult to dismiss a claim for lack of subject matter jurisdiction." *Santerre v. AGIP Petrol. Co.*, 45 F. Supp. 2d 558, 566 (S.D. Tex. 1999) (quoting *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1260 (11th Cir. 1997)).

For a facial challenge, courts consider just "the allegations in the complaint because they are presumed to be true." *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). But this is a factual challenge. Plaintiffs enjoy no presumption of truthfulness here. *Williamson v. Tucker*, 645 F.2d 404, 412–13 (5th Cir. 1981). Instead, they must "prove subject matter jurisdiction by a preponderance of the evidence." *MacKenzie*, 2016 WL 3906084, at *2 (citing *Paterson*, 644 F.2d at 523). To that end, each party may submit affidavits, testimony, and other evidentiary materials in support of their positions. *Paterson*, 644 F.2d at 523.

## III.

## ANALYSIS

In their amended complaint, Plaintiffs stake federal jurisdiction on 28 U.S.C. § 1331, 28 U.S.C. § 1343(3) and 1343(4), 28 U.S.C. § 2201, and 42 U.S.C. § 1983. Doc. 72, Am. Compl., 2–3. The Officials move to dismiss Plaintiffs' claims for lack of subject-matter jurisdiction on the ground that sovereign immunity bars Plaintiffs' claims and none of the statutes invoked waive this immunity. Doc. 93, Defs.' Mot., 5–6. Below, the Court discusses the doctrine of sovereign immunity and analyzes whether each jurisdictional statute Plaintiffs invoke in their amended complaint waives sovereign immunity or otherwise confers jurisdiction. The Court then discusses a theory of liability

raised by Plaintiffs in their response but not adequately pleaded by their amended complaint. Finally, the Court grants Plaintiffs leave to amend their pleadings to raise this theory.

"The basic rule of sovereign immunity is that the United States cannot be sued at all without the consent of Congress." *Block v. North Dakota ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 287 (1983). Therefore, "[t]he United States and its officers in pursuit of their official duties remain protected by sovereign immunity." *Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 380 (5th Cir. 1987). Moreover, "Plaintiff bears the burden of showing Congress' unequivocal waiver of sovereign immunity." *Mauro v. Freeland*, 735 F. Supp. 2d 607, 616 (S.D. Tex. 2009) (quoting *St. Tammany Par., ex rel. Davis v. FEMA*, 556 F.3d 307, 315 (5th Cir. 2009)). Because "[g]enerally, 'claims against officers of the United States in their official capacities are actually claims against the sovereign,' [they] are therefore barred by sovereign immunity." *Anioboweiv. Barr*, 2019 WL 623090, at *3 (N.D. Tex. Feb. 14, 2019) (citing *Danos v. Jones*, 652 F.3d 577, 581 (5th Cir. 2011)).[2]

A.     *Plaintiffs' Cited Jurisdictional States Do Not Waive Sovereign Immunity.*

       1.     28 U.S.C. § 1331

The Court does not have jurisdiction under § 1331. Section 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. But the language of § 1331 does not include any explicit waiver of sovereign immunity. *See generally id.* And indeed, § 1331 does *not* waive sovereign

---

[2] Although it is not explicitly clear whether Plaintiffs are attempting to assert a claim against the BOP Officials in their official capacities or in their individual capacities, because "the complaint does not allege any specific misconduct by [the BOP officials] in [their] private capacities[,]" they are likely being sued in their official capacities. *Unimex, Inc. v. Dep't of Hous. & Urb. Dev.*, 594 F.2d 1060, 1061–62 (5th Cir. 1979). In any event, as explained below, Plaintiffs will have an opportunity to amend their pleadings, at which point they may clarify this issue.

immunity. *Shanbaum v. United States*, 32 F.3d 180, 182 (5th Cir. 1994) (citing *Voluntary Purchasing Grps., Inc. v. Reilly*, 889 F.2d 1380, 1385 (5th Cir. 1989)); *see also F.A.A. v. Cooper*, 566 U.S. 284, 290 (2012). Thus, Plaintiffs' attempt to rely on § 1331 for subject-matter jurisdiction is unavailing.

2.     28 U.S.C. § 1343

Moreover, the Court does not have jurisdiction under §1343. Section 1343 confers federal jurisdiction over claims brought under civil-rights statutes. 28 U.S.C. § 1343. Like § 1331, "Section 1343 may not be construed to constitute [a] waiver[] of the federal government's defense of sovereign immunity." *Beale v. Blount*, 461 F.2d 1133, 1138 (5th Cir. 1972). Accordingly, the Court does not have jurisdiction under §1343.

3.     28 U.S.C. § 2201

Section 2201, the federal Declaratory Judgment Act (DJA), does not provide the Court with subject-matter jurisdiction over this case, but rather the ability to grant declaratory relief. *See* 28 U.S.C. § 2201. "[I]n a case of actual controversy within its jurisdiction, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." *Wafer v. Fremont Home Loan*, 2020 WL 5506004, at *5 (N.D. Tex. July 23, 2020) (cleaned up and quoting 28 U.S.C. § 2201), *R&R adopted by* 2020 WL 5500271 (N.D. Tex. Sep. 11, 2020). However, the DJA "does not grant any consent of the United States to be sued." *Julio Trujillo Santoyo v. United States*, 2017 WL 6033861, at *4 (W.D. Tex. Oct. 18, 2017) (quoting *Beale*, 461 F.2d at 1138)). Accordingly, while this statute gives the Court *authority* to grant the declaratory judgment Plaintiffs seek, it does not confer *jurisdiction* to hear this case.

4. 42 U.S.C. § 1983

Section 1983 does not confer jurisdiction in this case. Section 1983 is a "vehicle[] for asserting certain constitutional or statutory claims." *Wilkerson v. Snow*, 2003 WL 21528235, at *1 n.2 (N.D. Tex. June 30, 2003). But it "applies only to state actors." *Wheeler v. Ceniza*, 2013 WL 1091242, at *7 (N.D. Tex. Mar. 15, 2013). Thus, it does not constitute congressional consent for suit against federal officers. *See Howlett ex rel. Howlett v. Rose*, 496 U.S. 356, 360–61, 364 (1990) (noting that *states* are free to waive their sovereign immunity to be sued under § 1983).

B.      *Plaintiffs' Attempts to Establish Jurisdiction Under* Bivens *in Their Response Is Unavailing.*

As noted above, § 1983 does not confer jurisdiction in a case against federal officers. *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), rather, "is the federal counterpart of § 1983. In effect, it extends the protections afforded by § 1983 to parties injured by federal actors not liable under § 1983." *Abate v. S. Pac. Transp. Co.*, 993 F.2d 107, 110 n.14 (5th Cir. 1993). Plaintiffs recognize this, arguing in their response to the motion that the Court could find them entitled to monetary damages under *Bivens* should it decide the amended complaint fails to establish jurisdiction as pleaded. Doc. 94, Pls.' Resp., 6–7.

However, Plaintiffs may not take advantage of *Bivens* at this time because it is not pleaded in the amended complaint. Plaintiffs "may not amend [their] Complaint through [their] response to Defendant's motion to dismiss." *United States ex rel. Grynberg Prod. Corp. v. Kinder Morgan CO2 Co., L.P.*, 491 F. Supp. 3d 220, 231 (N.D. Tex. Sep. 30, 2020) (citing *Phalanx Grp. Int'l v. Critical Sols. Int'l*, 2019 WL 954727, at *6 (N.D. Tex. Feb. 26, 2019)). Not only did Plaintiffs attempt to assert jurisdiction under *Bivens* for the first time in their response, they also suggest for the first time that they may be entitled to monetary damages. Doc. 94, Pls.' Resp., 6. Because "it is wholly

inappropriate to use a response to a motion to dismiss to essentially raise a new claim for the first time[,]" Plaintiffs may not assert *Bivens* in this manner. *Kinder Morgan CO2 Co.*, 491 F. Supp. 3d at 231 (quoting *Diamond Beach Owners Assoc. v. Stuart Dean Co., Inc.,* 2018 WL 7291722, at *4 (S.D. Tex. Dec. 21, 2018)).

C.      *Leave to Amend*

Given that this is the Court's first opportunity to assess the sufficiency of Plaintiffs' allegations, the Court deems it appropriate to provide them one chance to amend their pleadings in light of the deficiencies noted in this Order. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). In particular, Plaintiffs shall file a second amended complaint to: (1) raise a theory of liability under *Bivens* and (2) seek specific monetary relief, if they indeed maintain they are entitled to money damages. This second amended complaint shall be filed within **THIRTY (30)** days of the date of this Order.

**IV.**

**CONCLUSION**

For the foregoing reasons, the Court **GRANTS** the BOP Officials' motion (Doc. 93) under Rule 12(b)(1) and **DISMISSES** Plaintiffs' claims **WITHOUT PREJUDICE**. Within **THIRTY (30)** days of the date of this order, Plaintiffs shall file a second amended complaint as permitted in Part C, *supra.*

SO ORDERED.

SIGNED: July 14, 2021.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE