UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAY E. GLENEWINKEL, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL NO. 3:20-CV-2256-B |
| | § | |
| MD CARVAJAL, *Director of the* | § | |
| *Bureau of Prisons, et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Jay E. Glenewinkel's Notice regarding the continuance of the conditions at Federal Correctional Institution Seagoville ("FCI Seagoville") (Doc. 122). The Court construes the Notice as a Rule 15(a) Motion to Amend the Complaint. Because the amendment would not alter the Court's determination in the January 18, 2022, Memorandum Opinion and Order, the Court **DENIES** the motion.

I.

BACKGROUND

*A.   Factual Background*

This is an Eighth Amendment case alleging inadequate safety protocols at Federal Correctional Institution ("FCI") Seagoville, a federal prison, during the COVID-19 pandemic. *See* Doc. 97, 3d Am. Compl.

Plaintiffs are inmates at FCI Seagoville and they brought suit in August 2020 against the director of the Bureau of Prisons ("BOP"), the medical director of the BOP, the warden at FCI

-1-

Seagoville, two associate wardens at FCI Seagoville, and the "acting Captain" at FCI Seagoville (collectively, the "BOP Officials"). *Id.* ¶¶ 7–12. Generally, Plaintiffs alleged inadequate safety protocols at FCI Seagoville to combat the COVID-19 pandemic. *Id.* ¶¶ 20-1–30,[1] 43–45, 64–71. This conduct, according to Plaintiffs, has deprived them of their Eighth Amendment right to be free from cruel and unusual punishment. *Id.* ¶ 71.

B.  *Procedural Background*

Plaintiffs initially filed this suit *pro se*. *See* Doc. 1, Compl. However, the Court subsequently appointed counsel and ordered Plaintiffs to file an amended complaint through counsel. Doc. 56, Order Appointing Counsel, 3; Doc. 68, Order, 1. The Court found subject matter jurisdiction lacking for this complaint and a subsequently amended complaint. *Glenewinkel v. Carvajal*, 2021 WL 2952833, at *1 (N.D. Tex. July 14, 2021); *Glenewinkel v. Carvajal*, 2022 WL 179599, at *1 (N.D. Tex. Jan. 20, 2022). The Court received Glenewinkel's Notice on February 11, 2022, after it was mailed on February 8, 2022.[2] Doc. 122, Not., 3. For the reasons explained below, the Court **DENIES** the Notice/construed motion to amend the complaint because the Court lacks jurisdiction to adjudicate Plaintiffs' claim.

---

[1] Plaintiff's Third Amended Complaint contains two paragraphs 20 and two paragraphs 21. *Id.* ¶¶ 20–21. Where necessary, the Court designates the first set of paragraphs 20 and 21 as 20-1 and 21-1 and the second set as 20-2 and 21-2.

[2] Because of the limited amount of time between the Court's January 20, 2022, Memorandum Opinion and Order and Glenewinkel's Notice, the Court infers that Glenewinkel did not receive the Court's January 20, 2022, Memorandum Opinion and Order until after mailing his letter. *See* Doc. 122, Not. (asking the Court to allow his attorney "to file an amended complaint to include" the Notice's information, but not addressing the Court's dismissal of his claim). Regardless, the Notice cannot act as a vehicle to reopen the case. *See Def. Distributed v. U.S. Dep't of State*, 947 F.3d 870, 871 (5th Cir. 2020).

## II.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a)(2), when a party requests leave to amend a pleading before trial, the court "should freely give leave when justice so requires." Normally the Court will allow a plaintiff the opportunity to amend where it appears that more careful or detailed drafting might overcome the deficiencies on which dismissal is based. *See McClellon v. Lone Star Gas Co.*, 66 F.3d 98, 103 (5th Cir.1995). "[A] district court properly. . . denies leave to amend for a substantial reason, such as undue delay, repeated failures to cure deficiencies, undue prejudice, or futility." *Stevens v. St. Tammany Par. Gov't*, 17 F.4th 563, 575 (5th Cir. 2021). Absent such factors, leave to amend should be "freely given." *Id.*

## III.

## ANALYSIS

In Glenewinkel's Notice to the Court, he realleges that "[e]very complaint that was made in our original filing in August 2020 is once again happening here at [FCI Seagoville]." Doc. 122, Not., 2. He also provides the following updated allegations regarding the situation at FCI Seagoville:

> As of the date of this letter, more than sixty (60) inmates as well as numerous staff members, have contracted COVID disease. Many of these numbers are NOT being reported from the BOP to the public.
>
> The administration and medical staff are not providing testing to the inmate population as a whole. Many people are sick in the housing units with others being shuffled around from one housing unit to another, as they did in 2020. The Chief Medical Officer at this facility has stated, "IF WE DON'T TEST THE INMATES, THEN THERE IS NO COVID ON THE COMPOUND."
>
> Sanitary conditions continue to deteri[or]ate in the housing units. Bleach has not been available for wide-spread cleaning and sanitation for the housing units since Marc[h] 2021. The air in the larger housing units continues to recirculate the

> COVID infected air back into the housing units, resulting in additional cases of COVID among the inmate population as well as the staff.
>
> Many inmates are sick with the symptoms of the Om[]icron variant of COVID, despite being vaccinated and receiving the booster shots. Many inmates have been told by staff, "IF YOU GET SICK, STAY IN YOUR ROOM. DO NOT GO TO MEDICAL!" This action is a blatant attempt by staff to NOT address the COVID situation in a[n] effective and responsible manner.

*Id.* at 2–3.

These allegations repeat the same evidence and arguments previously rejected by the Court on two separate occasions, so the proposed amendment would not cure the deficiencies identified by the Court's prior orders granting dismissal for a lack of subject mater jurisdiction. *See United States ex rel. Spicer v. Westbrook*, 751 F.3d 354, 367–68 (5th Cir. 2014) (affirming a district court's denial of leave to amend because the amended complaint failed to cure the deficiencies identified in the prior dismissal). The Court previously found similar allegations failed to establish the Court's jurisdiction. *See Glenewinkel*, 2022 WL 179599, at *4. The Court finds the same again today, for the same reasons.

First, none of the allegations "amount[s] to 'a failure to take [an] agency action,'" a requirement for subject matter jurisdiction under the Administrative Procedure Act ("APA") for Plaintiffs' claim. *See id.* (citing *Norton v. S. Utah Wilderness All.*, 542 U.S. 55 (2004)). The new allegations, like the allegations in the prior-considered complaints, fail to provide a "discrete action required by BOP" for the Court to review under the APA. *See id.*

Second, the new allegations present a broad "programmatic challenge," which is not cognizable under the APA. *See id.* (citing *Sierra Club v. Peterson*, 228 F.3d 559, 566 (5th Cir. 2000)). A plaintiff may not attack a full program, but must attack individual, discrete agency actions. *Id.*

Plaintiffs' allegations again attack the full program of FCI Seagoville COVID-19 mitigation policies, not a discrete agency action. *See id.* at *5. The APA is not an avenue to seek "wholesale improvement" of agency policies or programs such as FCI Seagoville's COVID-19 mitigation policies. *See id.* Thus, the APA cannot provide subject matter jurisdiction for this Court.

Lastly, the new allegations do not support Plaintiffs' other grounds for subject matter jurisdiction—the Eighth Amendment via *Bivens* and its progeny. *See id.* at *5–7. The Court will not repeat the same analysis from the January 20, 2022, Memorandum Opinion and Order because the new allegations repeat the prior allegations and do not address the shortcomings in Plaintiffs' prior arguments. The new allegations do not change the Court's prior finding of a lack of subject matter jurisdiction via *Bivens*.

## IV.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiffs' construed motion to amend the complaint (Doc. 122). Pursuant to Federal Rule of Civil Procedure 58, the Court will enter a separate judgment by separate document.

SO ORDERED.

SIGNED: March 21, 2022.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE